UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LEON BIBBS,<br><br>                Petitioner,<br><br>   v.<br><br>F. GUZMAN,<br><br>                Respondent. | Case No. 2:23-cv-02022-SPG-JPR<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1 ("Petition")), the records on file, the Report and Recommendation of the United States Magistrate Judge (ECF No. 15 ("Report")), and Petitioner's Objection to the Magistrate's Report & Recommendation, (ECF No. 18 ("Objections")). The Court has made *de novo* determinations as to the portions of the Report to which objections have been made.

      The Report recommends dismissal of the Petition without prejudice because it is an unauthorized successive petition. (R. & R. at 1–2). For the following reasons, Petitioner's Objections and accompanying affidavit, (ECF No. 17 ("Affidavit")), do not warrant a change to the Report's findings or recommendations.

Petitioner first argues that the Court should excuse his failure to exhaust the claims at the time he filed his earlier petition or, alternatively, conclude Petitioner has since exhausted them. (Objs. at 1–2). The Report conclusively addressed this argument, finding that Petitioner could, contrary to Petitioner's arguments, have exhausted the claims during the pendency of the earlier Petition. (R. & R. at 7).

Petitioner next asserts that he was not aware of the factual predicates of the Petition when he filed his earlier petition. (Objs. at 2–3). The Report reasonably found, however, that Petitioner would necessarily have been aware of the facts underlying his latest claims before he filed his earlier petition. (R. & R. at 6–7).

Petitioner objects that he was not required to seek a stay of his earlier petition to exhaust his current claims. (Objs. at 3–4). As an initial matter, the Report did not find, as Petitioner contends, that Petitioner "was required to move for a stay . . . ." (*Id.* at 3). In any event, although Petitioner is correct that he was not required to seek a stay of his earlier petition, he nonetheless cannot avoid the consequence that, as soon as his earlier petition was denied, he could not continue pursuing his current claims absent authorization from the United States Court of Appeals for the Ninth Circuit. (R. & R. at 7).

Petitioner's final objection contends that he is entitled to an exception for a miscarriage of justice. (Aff. at 1–3; Objs. at 4). But the Court lacks authority to apply any such exception. Because Petitioner has filed an unauthorized successive Petition, the Court "lack[s] jurisdiction to consider the merits of his petition." *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Indeed, all of Petitioner's objections, in effect, request that the Court exercise authority it does not have.

In sum, Petitioner's objections are overruled.

IT IS ORDERED that (1) the Report and Recommendation is accepted and adopted; (2) Respondent's motion to dismiss is granted; and (3) Judgment shall be entered dismissing the Petition without prejudice as impermissibly successive.

DATED: March 7, 2024

                                           HON. SHERILYN PEACE GARNETT
                                           UNITED STATES DISTRICT JUDGE