UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LEON BIBBS,<br><br>                Petitioner,<br><br>     v.<br>F. GUZMAN,<br><br>                Respondent. | Case No. 2:23-cv-02022-SPG-JPR<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 636, the Court has reviewed Petitioner Brandon Leon Bibbs's ("Petitioner") Petition for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1 ("Petition")); the records on file; Petitioner's Motion for Relief to Vacate Judgment of Dismissal (Rule 60(b)), (ECF No. 22 ("Motion")); the Report and Recommendation of the United States Magistrate Judge (ECF No. 26-1 ("Report" or "R. & R.")); and Petitioner's objections to the Report, (ECF No. 27 ("Objections")). Further, the Court has made a *de novo* determination of the portions of the Report to which Petitioner objected.

The Report recommends denial of the Motion, which seeks relief under Federal Rule of Civil Procedure 60(b) from the Judgment in this case dismissing the Petition without prejudice as an unauthorized successive habeas petition, (ECF No. 20). Rule 60(b)

"permits litigants to request reconsideration of a final judgment, order, or proceeding entered against them." *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020). "The Rule lists five circumstances that may justify reopening a final judgment—including, for example, newly discovered evidence, fraud by the opposing party, or a mistake committed by the court—and a sixth, catch-all category." *Id.* Here, Petitioner appears to seek relief under Rule 60(b)(1), which permits relief in the event of "mistake." *See* (R. & R. at 1–2). For the following reasons, Petitioner's Objections do not warrant a change to the Report's findings or recommendations.

## II.   DISCUSSION

Petitioner contends that the Court erred by concluding his Petition was successive. (Mot. at 2). He also argues that the Court erroneously "omitted the facts of the demonstrated exhaustion of remedies in the state courts." (*Id.*). The Report concludes that "Petitioner's arguments concerning exhaustion are irrelevant" because, regardless of whether Petitioner exhausted his claims, he did not include or seek to include them in his first petition, rendering the instant Petition successive. (R. & R. at 2). Petitioner objects that the Report "cite[d] no lawful authority" in determining whether his claim was second or successive. (Objs. at 1–2). To the contrary, however, the Report cited to legal authority in its explanation of why the instant Petition is impermissibly successive. (R. & R. at 2). *See also* (ECF No. 15 ("Prior Report" or "Prior R. & R.")) at 4–8). And, as explained in the Prior Report, *see* (*id.* at 7), Petitioner's exhaustion of state court remedies "is irrelevant to whether he may bring a second and successive federal habeas petition" because he must follow *federal* "procedural requirements before filing a second or successive habeas petition in federal court," *Morales v. Ducart*, No. CV 17-2767-AG (SP), 2018 WL 3239834, at *3 (C.D. Cal. Feb. 28, 2018), *report and recommendation adopted,* No. CV 17-2767-AG (SP), 2018 WL 3239832 (C.D. Cal. June 29, 2018).

Petitioner also contends he is entitled to relief under Rule 60 because the Court erred when it concluded "it lack[ed] authority to apply a miscarriage of justice exception" because the Petition was successive and unauthorized. (Mot. at 4). The Report reiterates

the Court's prior conclusion that "it is powerless to act on his Petition without authorization from the Ninth Circuit" and further explains that Petitioner's remedy is to "simply . . . ask the court of appeals, not this Court, to let them go forward." (R. & R. at 3). The Report also notes that "Petitioner never really identifies just what 'miscarriage of justice' would result from his claims not being considered" but that, without more, actual innocence would not be enough. (*Id.*). Petitioner objects that the Report misstated his claims for a miscarriage of justice exception. (Objs. at 2–3). But Petitioner does not object to the Report's primary conclusion, which is that the Court does not have the authority to apply any miscarriage of justice exception. As the Court has previously stated, *see* (ECF No. 19 at 2), because Petitioner filed an unauthorized successive Petition, the Court "lack[s] jurisdiction to consider the merits of his petition," *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). Plaintiff has not and cannot demonstrate any error to this conclusion.

In sum, Petitioner's objections are OVERRULED.

### III. CONCLUSION

For the foregoing reasons, the Court (1) accepts and adopts the Report and Recommendation; (2) denies Petitioner's Motion; and (3) directs the Clerk to serve this Order on all counsel or parties of record.

**IT IS SO ORDERED.**

DATED: August 20, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE